NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FAYYAADH HARRIS, | Civil Action No.: 17-259 (JMV) |
| Petitioner, |  |
| v. | **OPINION** |
| PATRICK NOGAN, *et al.*, |  |
| Respondents. |  |

APPEARANCES:

Fayyaadh Harris
East Jersey State Prison
Lock Bar R
Rahway, NJ 07065
    Petitioner, *pro se*

Leeann Cunningham
Essex County Prosecutor's Office
Essex County Veterans Courthouse
50 West Market St.
Newark, NJ 07102
    On behalf of Respondents.

**Vazquez, United States District Judge**

This matter comes before the Court upon Respondents' motion to dismiss the petition for writ of habeas corpus as untimely. (ECF No. 7.) Petitioner Fayyaadh Harris ("Harris") filed his habeas petition under 28 U.S.C. § 2254 on January 12, 2017. (Pet., ECF No. 1.) On May 3, 2017, Respondents filed the instant motion to dismiss. Harris filed a reply on September 28, 2017. (ECF No. 10.) For the reasons discussed below, the Court grants Respondents' motion to dismiss.

I.     PROCEDURAL HISTORY

On December 2, 2004, a jury in New Jersey Superior Court, Essex County found Harris guilty on charges of first-degree murder, third-degree unlawful possession of a handgun, and second-degree possession of a handgun for an unlawful purpose. (ECF No. 9-12.) On March 28, 2005, the court entered a judgment of conviction ("JOC"), and Harris was sentenced to an aggregate 30-year term of imprisonment without parole. (ECF No. 9-13.)

Harris appealed his conviction to the New Jersey Superior Court, Appellate Division. (ECF No. 9-14.) On May 4, 2007, the Appellate Division affirmed the conviction. (*Id.* at 17.) Harris sought certification from the New Jersey Supreme Court, but his petition was denied on September 11, 2007. *State v. Harris*, 192 N.J. 480 (2007).

Then, Harris filed a petition for post-conviction relief ("PCR") on December 12, 2007. (ECF No. 9-16.) The PCR Court denied relief on January 27, 2009, and Harris filed a late-notice of appeal on July 22, 2009, which the Appellate Division accepted as within time. (ECF No. 9-18 and 9-19.) Harris filed an amended notice of appeal in the Appellate Division on November 9, 2009. (ECF No. 9-20.) On July 19, 2011, the Appellate Division affirmed in part and remanded in part the PCR Court's decision. (ECF No. 21.) On August 7, 2011, Harris sought certification from the New Jersey Supreme Court on the denial of his direct appeal, which was denied on January 13, 2012. (ECF No. 9-22, 9-23.)

The PCR hearing on remand was held on December 13, 2013. (ECF No. 9-10.) The PCR court denied relief on January 10, 2014. (ECF No. 9-24.) Harris appealed (ECF No. 9-26), and the Appellate Division affirmed the PCR Court on June 15, 2015. (ECF No. 9-27.) The Appellate Division granted Harris' motion to file as within time but denied his motion for reconsideration. (ECF No. 9-28.) On April 1, 2016, the New Jersey Supreme Court denied Harris' petition for

certification. (ECF No. 9-30.) Harris placed his habeas petition in the prison mailing system for mailing on January 4, 2017. (ECF No. 1 at 15.)

II. DISCUSSION

A. The Parties' Arguments

Respondents submit that the habeas petition is untimely under 28 U.S.C. § 2244(d)(1). (ECF No. 7-1.) Harris' conviction became final and the statute of limitations began to run on December 10, 2007. (*Id.*, ¶54.) Respondents calculate the limitations period as follows:

> From December 10, 2007, the date that the Statute of Limitations began to run, to December 12, 2007, the day that Harris filed his PCR, there are 2 days.
>
> From January 27, 2009, the date that Petitioner's initial PCR was denied, to July 22, 2009, the date Petitioner's PCR appeal was filed, plus 45 days, there are 131 days.
>
> From January 10, 2014, the date that Petitioner's PCR was denied, to March 21, 2014, the date Petitioner's PCR appeal was filed, plus 45 days, there are 25 days.
>
> From June 15, 2015, the date that the Appellate Division denied the Petitioner's PCR appeal, to July 28, 2015, the date the Petitioner's Motion for Reconsideration was filed, plus 30 days, there are 13 days.
>
> From September 2, 2015, the date Petitioner's Motion for Reconsideration was denied, to November 16, 2015, the date the Petitioner filed a Petition for Certification in the Supreme Court, plus 30 days, there are 36 days.
>
> Moreover, from April 1, 2016, the date the New Jersey Supreme Court denied Petitioner's petition for certification, to January 12, 2017, the date Petitioner filed this Petition for Writ of Habeas Corpus, there are 286 days.
>
> Therefore, Petitioner filed his habeas petition 493 days after his conviction became final – 128 days out of time.

(ECF No. 7-1, ¶¶54-60.)

3

On September 28, 2017, Harris filed a supplement to his June 3, 2017 reply. (ECF No. 10.) The Court, however, never received the June 3, 2017 reply from Harris. In his supplement, Harris notes that in *Davis v. D'Ilio*,[1] a court in the District of New Jersey held that "[w]hen an out-of-time [PCR] appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of the time to appeal and when the appeal was actually filed." (*Id.*)

Harris notes his PCR petition was timely filed on December 12, 2007. (ECF No. 10 at 3.) He asserts that, pursuant to *Carey v. Saffold*, 536 U.S. 214, 220 (2002), his timely PCR petition should have remained "pending for purposes of the AEDPA until it achieved final resolution by the New Jersey Supreme Court." (*Id.*)

Harris also argues equitable tolling should apply here. (*Id.* at 4.) Harris was declared indigent and was represented by the Office of the Public Defender ("OPD") in his PCR proceedings. (*Id.*) The state has a procedure where a petitioner and his PCR attorney sign a Notice of Appeal Form prior to the PCR judge ruling on the petition. (*Id.*) A petitioner is then notified on the record by his PCR Court of his right to appeal, and is asked whether he/she has signed the Notice of Appeal Form. (*Id.*) The Notice of Appeal Form must be forwarded to the Post-Conviction Unit and filed with the Appellate Division, which on average takes the OPD three to six months. (*Id.*) An indigent petitioner is dependent on the OPD to file the Notice of Appeal. (*Id.*) OPD attorneys regularly file affidavits with late Notices of Appeal, explaining their lack of resources and overwhelming case load to excuse the untimeliness. (*Id.*) Thus, Harris concludes

---

[1] Civ. Action No. 15-3568(MAS) (D.N.J. Mar. 31, 2016) (citing *Swartz v. Meyers*, 204 F.3d 417, 423 n.5 (3d Cir. 2000)).

4

equitable tolling is warranted because there is nothing an indigent petitioner can do when the OPD controls when the Notice of Appeal is filed.

    B.        Legal Standard

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'" *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 3d Cir. 2004) (quoting *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)). A state court's acceptance of a motion for filing as within time is an important indication of whether the

motion was properly-filed for purposes of tolling the statute of limitations. *Thompson v. Administrator, New Jersey State Prison*, Civ. Action No. 14-3460, 2017 WL 2712966, at *5 (3d Cir. 2017) (quoting *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 87 (3d Cir. 2013)). "[I]f a state court grants leave to pursue an out of time appeal, the proper period of exclusion for § 2244(d) purposes is "all time between the filing of the request to excuse the default and the state court's decision on the merits (if it elects to excuse the default")). *Id.* at 5 (quoting *Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000)).

An application for collateral review is "pending" during the period "between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Thompson*, 2017 WL 2712966 at *3 (quoting *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original)).

C. Analysis

There is no dispute that the statute of limitations began to run on December 10, 2007, when Harris' direct review became final. The statute of limitations ran for two days before Harris timely filed a PCR petition. The PCR Court denied the petition on January 27, 2009. Harris had 45 days to file a notice of appeal, and he missed the March 14, 2009 deadline. *See* N.J. R.A.R. 2:4-1(a). . Therefore, the first PCR proceeding was no longer pending on March 14, 2009, and the statute of limitations began to run again. *Thompson*, 2017 WL 2712966 at *3.

Harris filed a late-notice of appeal on July 22, 2009, after 131 days of the limitations period had run. The late-filed notice of appeal was accepted by the state court as within time, and therefore tolled the statute of limitations on July 22, 2009. *Thompson*, 2017 WL 2712966, at *5 (state court's acceptance of a motion as within time is important indication of whether it was properly-filed.) Following remand, the PCR court denied Harris relief on January 10, 2014. Harris

6

had forty-five days to appeal, until February 24, 2014, but he did not file a timely notice of appeal. Thus, the statute of limitations began to run again on February 25, 2014. Harris filed notice of appeal on March 21, 2014, which was once again accepted by the state court as within time. Therefore, the notice of appeal was properly filed and tolled the statute of limitations on March 21, 2014. In the meantime, another 25 days of the limitations period had run.

The Appellate Division then affirmed the PCR Court on June 15, 2015. Harris had 10 days to file a motion for reconsideration pursuant to New Jersey Court Rule 2:11-6(a), unless extended by the court. He did not file his motion for reconsideration until July 28, 2015. The state court, however, treated the motion for reconsideration as within time, thereby tolling the limitation period starting on July 28, 2015. As a result, the statute of limitations ran from June 25, 2017 through July 28, 2015, totaling 33 days. The motion for reconsideration was denied on September 2, 2015.

Harris then had 45 days, to October 19, 2017, [2] to file a petition for certification in the New Jersey Supreme Court. *See* N.J. R.A.R. 2:4-1(a). The petition, filed on November 16, 2015, was filed 28 days late. The New Jersey Supreme Court accepted Harris's petition for certification as within time, thereby tolling the statute of limitations again on November 16, 2015. The New Jersey Supreme Court denied relief on April 1, 2016, restarting the limitations period.

Pursuant to the prisoner mailbox rule, Harris filed his habeas petition when he handed the petition to prison authorities for mailing to this court, on January 4, 2017. (ECF NO. 1 at 15.) *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.") Another 278 days of the limitations period ran between April 1, 2016 and January 4, 2017. Therefore, 497

---

[2] October 17, 2015 was a Saturday.

days, which counted toward the one-year limitation period, ran before Harris filed the instant petition.

Harris contends the doctrine of equitable tolling should toll the statute of limitations for the periods in which the OPD filed late appeals on his behalf, which were then accepted by the New Jersey courts as within time. "[The] one-year [habeas] limitation period is subject to equitable tolling in appropriate cases." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)).

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing. *Id.* (quoting *Pace v. Guglielmo*, 544 U.S. 408, 418 (2005) (emphasis deleted in original)). The extraordinary circumstances Harris alleges here involves a procedure whereby an indigent prisoner is represented by the OPD on PCR proceedings. According to Harris, in the normal course of a PCR hearing, the petitioner must sign the notice of appeal before the PCR hearing, and later swear to the Court that he has done so. The public defender then files the notice of appeal on the prisoner's behalf, together with an affidavit stating that the overwhelming caseload and lack of resources of the OPD prevented timely filing of the notice of appeal or other PCR pleadings or motions. As a matter of course, courts generally accept these late filings with the appropriate affidavit.

At the outset, the Court is not clear as to why the filing of the *notice* of appeal from a denial of post-conviction relief was delayed by the caseload of the OPD. While New Jersey Court Rule 3:22-1 *et seq.*, addresses post-conviction relief, appeals from such decisions are nevertheless governed by R. 2:3-2 (indicating that the rule applies to, among other things, "an adverse judgment in a post-conviction proceeding"). Thereafter, the time to file (45 days) and the notice of appeal

are subject to R. 2:4-1 and R. 2:5-1, respectively.  The same rules apply to the filing of notice in a direct appeal following conviction.  Petitioner indicates that he signed the notice of appeal *before* the PCR hearing, so there should have been no impediment to the timely filing of the notice.  To be clear, the Court is distinguishing between the filing of the notice, on the one hand, and the filing of all supporting materials (such as briefs and appendices), on the other.  It would appear that if the OPD is overwhelmed, the notice should nevertheless be filed in a timely fashion[3] and the OPD should then seek an extension of time on the briefing schedule.  If this were done, then a criminal defendant would not lose days towards the statute of limitations while the PCR appeal is pending.

However, assuming Petitioner's representations are accurate, this Court agrees that the overwhelming caseload and lack of resources of the New Jersey OPD, recognized by the PCR Courts when they accept late filings on this basis, is an extraordinary circumstance that may prevent a prisoner from timely filing a PCR petition.  The Court, however, does not find that Harris was diligent in pursuing his rights, primarily because he waited 278 days to file his habeas petition, knowing that none of his PCR proceedings were timely filed by the OPD.  Even assuming the late filings by the OPD, Harris still had approximately 136 days to timely file the current petition and he has not presented any information or explanation as to why he could not file within that time period.  "The diligence required for equitable tolling purposes … is an obligation that exists during the period appellant is exhausting state court remedies as well."  *Ross*, 712 F.3d at 799–800

---

[3] A represented prisoner may also file the notice of appeal on his own behalf after the PCR hearing. N.J. R. 2:3-2 ("In any criminal action, any defendant … aggrieved by the final judgment of conviction entered by the Superior Court, including. . .an adverse judgment in a post-conviction proceeding attacking a conviction or sentence … may appeal or, where appropriate, seek leave to appeal, to the appropriate appellate court.").  However, given that Petitioner is a lay person and was represented by counsel, it would appear that Petitioner reasonably relied on his counsel to timely file the notice of appeal.

(quoting *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005)).  Therefore, equitable tolling is inappropriate here.

III. CONCLUSION

For the reasons discussed above, Respondents' motion to dismiss is granted.

III. CERTIFICATE OF APPEALABILITY

This Court must determine whether Harris is entitled to a certificate of appealability in this matter.  *See* Third Circuit Local Appellate Rule 22.1. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Based on the discussion in this Opinion, Harris has not made a substantial showing of denial of a constitutional right, and this Court will not issue a certificate of appealability.

An appropriate Order follows.

Dated: November 28, 2017
At Newark, New Jersey

                                              s/ John Michael Vazquez
                                              JOHN MICHAEL VAZQUEZ
                                              United States District Judge