IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FAYYAADH HARRIS, <br><br> Petitioner, <br><br> v. <br><br> PATRICK NOGAN, *et al.*, <br><br> Respondents. | HON. JOHN MICHAEL VAZQUEZ <br><br> Civil Action <br> No. 17-259 (JMV) <br><br> **OPINION** |

**VAZQUEZ, District Judge:**

**I.     INTRODUCTION**

Presently before the Court is Petitioner Fayyaadh Harris's *pro se* motion seeking relief, pursuant to Federal Rule of Civil Procedure 60(b), from the Court's November 28, 2017 Order dismissing his § 2254 habeas petition as untimely. (DE 12.)  For the reasons stated herein, Mr. Harris's Rule 60(b) motion is denied.

**II.    BACKGROUND**

On January 4, 2017, Harris filed his § 2254 petition (the "Petition") in this Court. (DE 1; *see also* DE 11 at 7.)  On May 3, 2017, Respondents filed a motion to dismiss the Petition as untimely, *i.e.*, because it was filed by Harris "after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ('AEDPA'), 28 U.S.C. § 2241 *et seq.*"  (DE 7-1 at ¶ 29.)  The Court, agreeing with Respondents, dismissed the Petition with prejudice on November 28, 2017.  (DE 12.)

In so doing, the Court noted that that the New Jersey Supreme Court denied Harris's petition for certification on direct appeal on September 11, 2007. (DE 11 at 2.)  Accordingly, there was no dispute that Harris's state court conviction became "final" under AEDPA ninety days later,

on December 10, 2007.  (*Id.* at 6.)  In addition, the New Jersey Supreme Court denied certification on Harris's post-conviction relief ("PCR") appeal on April 1, 2016.  (*Id.* at 2-3.)  In addition, between September 11, 2007 and April 1, 2016, there were a total of 219 days in which AEDPA's one-year clock ran.[1]  (*Id.* at 6-7.)  The Court calculated those days as follows:

> There is no dispute that [AEDPA's one-year] statute of limitations began to run on December 10, 2007, when Harris' direct review became final.  The statute of limitations ran for two days before Harris timely filed a PCR petition.  The PCR Court denied the petition on January 27, 2009.  Harris had 45 days to file a notice of appeal, and he missed the March 14, 2009 deadline.  *See* N.J. R.A.R. 2:4-1(a).  Therefore, the first PCR proceeding was no longer pending on March 14, 2009, and the statute of limitations began to run again.  *Thompson* [*v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 2017 WL 2712966, at *3 (3d. Cir. 2017)].
>
> Harris filed a late-notice of appeal on July 22, 2009, after 131 days of the limitations period had run.  The late-filed notice of appeal was accepted by the state court as within time, and therefore tolled the statute of limitations on July 22, 2009.  *Thompson*, 2017 WL 2712966, at *5 (state court's acceptance of a motion as within time is important indication of whether it was properly-filed.)  Following remand, the PCR court denied Harris relief on January 10, 2014.  Harris had forty-five days to appeal, until February 24, 2014, but he did not file a timely notice of appeal.  Thus, the statute of limitations began to run again on February 25, 2014.  Harris filed notice of appeal on March 21, 2014, which was once again accepted by the state court as within time.  Therefore, the notice of appeal was properly filed and tolled the statute of limitations on March 21,

---

[1] AEDPA's one-year "filing period is tolled . . . 'during [the time in] which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  *Engel v. Hendricks*, 153 F. App'x 111, 112 (3d Cir. 2005) (quoting 28 U.S.C. § 2244(d)(2)) (emphasis in original).  Under AEDPA, "[a] 'properly filed' application is one that was accepted for filing by the appropriate court officer *and* was filed within the time limits prescribed by the relevant jurisdiction."  *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)) (emphasis in original); *see also Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000) (the proper period of exclusion under § 2244(d) is "all time between the filing of the request to excuse the default and the state court's decision on the merits (if it elects to excuse the default)"); *accord Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 124, 2017 WL 2712966 (3d. Cir. 2017).  In this case, the Court concluded that Harris's PCR application was not "properly filed" under AEDPA's statutory tolling provision, 28 U.S.C. § 2244(d)(2), for 219 days between September 11, 2007 and April 1, 2016.  (DE 11 at 6-7.)

2

2014. In the meantime, another 25 days of the limitations period had run.

The Appellate Division then affirmed the PCR Court on June 15, 2015. Harris had 10 days to file a motion for reconsideration pursuant to New Jersey Court Rule 2:11-6(a), unless extended by the court. He did not file his motion for reconsideration until July 28, 2015. The state court, however, treated the motion for reconsideration as within time, thereby tolling the limitation period starting on July 28, 2015. As a result, the statute of limitations ran from June 25, 2017 through July 28, 2015, totaling 33 days. The motion for reconsideration was denied on September 2, 2015.

Harris then had 45 days, to October 19, 2017, to file a petition for certification in the New Jersey Supreme Court. *See* N.J. R.A.R. 2:4-1(a). The petition, filed on November 16, 2015, was filed 28 days late. The New Jersey Supreme Court accepted Harris's petition for certification as within time, thereby tolling the statute of limitations again on November 16, 2015. The New Jersey Supreme Court denied relief on April 1, 2016, restarting the limitations period.

(*Id.*)

Thus, as of April 1, 2016, Harris had "approximately 136 days to timely file the [Petition]." (*Id.* at 9.) This Court found that because Harris did not file his Petition until January 4, 2017, *i.e.*, 278 days after the New Jersey Supreme Court denied certification on his PCR appeal, his Petition was filed 142 days past AEDPA's one-year filing deadline. (*Id.*)

The Court also found that equitable tolling could not save Harris's otherwise untimely Petition from prejudicial dismissal. (*Id.* at 8-10.) In so doing, the Court expressly considered – and rejected – Harris's contention that "the doctrine of equitable tolling should toll the statute of limitations for the period in which the [Office of the Public Defender] filed late appeals on his behalf, which were then accepted by the New Jersey courts as within time." (*Id.* at 8.) The Court summarized the underlying facts which Harris alleged in support of that claim as follows:

> Harris was declared indigent and was represented by the Office of the Public Defender ("OPD") in his PCR proceedings. [(DE 10 at 4.)] The state has a procedure where a petitioner and his PCR

3

> attorney sign a Notice of Appeal Form prior to the PCR judge ruling on the petition. (*Id.*) A petitioner is then notified on the record by his PCR Court of his right to appeal, and is asked whether he/she has signed the Notice of Appeal Form. (*Id.*) The Notice of Appeal Form must be forwarded to the Post Conviction Unit and filed with the Appellate Division, which on average takes the OPD three to six months. (*Id.*) An indigent petitioner is dependent on the OPD to file the Notice of Appeal. (*Id.*) OPD attorneys regularly file affidavits with late Notices of Appeal, explaining their lack of resources and overwhelming case load to excuse the untimeliness. (*Id.*) Thus, Harris concludes equitable tolling is warranted because there is nothing an indigent petitioner can do when the OPD controls when the Notice of Appeal is filed.

(DE 11 at 4-5.)

The Court agreed that insomuch as Harris's OPD-related claims were in fact true, "the overwhelming caseload and lack of resources of the New Jersey OPD, recognized by the PCR Courts when they accept late filings on this basis, [would represent] an extraordinary circumstance that [could] prevent a prisoner from timely filing a PCR petition [such that equitable tolling might be appropriate]." (*Id.* at 9.)

That said, the Court further concluded that "[e]ven assuming [that the OPD's failure to timely-file PCR applications on his behalf constituted an 'extraordinary circumstance' for purposes of equitable tolling under AEDPA], Harris still had approximately 136 days to timely file the current petition and he [did not present] any information or explanation as to why he could not file within that time period." (*Id.*) The Court was therefore unable to "find that Harris was diligent in pursuing his [federal habeas] rights." (*Id.*) It was this consideration that was fatal to Harris's equitable tolling argument. (*See id.* at 8 (noting that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (quoting *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013)) (internal quotations and additional citations omitted).) The

4

Court accordingly "dismissed [Harris's Petition] with prejudice as barred by [AEDPA's] statute of limitations" and declined to issue Harris a certificate of appealability. (DE 12.)

On April 20, 2018, the Third Circuit affirmed this Court's prejudicial dismissal of Harris's Petition via the entry of an order denying Harris's request for a certificate of appealability. (DE 15.) In so affirming, the Third Circuit expressly noted that "Harris [did] not arguably demonstrate[] any basis for equitable tolling because he [did not show] reasonable diligence in pursuing his claims or that any extraordinary circumstance 'stood in his way and prevented timely filing' after April 1, 2016." (*Id.* (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010).) Thereafter, on or about November 19, 2018, Mr. Harris filed the current Rule 60(b) motion. (DE 16.)

## III. ANALYSIS

Mr. Harris, by way of the present Rule 60(b) motion, seeks relief from the final judgment entered by this Court on November 28, 2017.[2] (*Id.*) Mr. Harris specifically moves under Rule 60(b)(3), which allows the Court to relieve a party from a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; and under Rule 60's catchall provision, (b)(6), *i.e.*, for "any other reason that justifies relief." (*See id.*; *see also* Fed. R. Civ. P. 60(b).)

Regardless of the specific Rule 60(b) provisions that Mr. Harris relies on, his "motion carries a heavy burden, as Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991); *accord Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002)

---

[2] Respondents have not filed opposition to the Rule 60(b) motion. The fact that Harris's motion is unopposed, does not, in and of itself, entitle Harris to relief.

5

(noting that Rule 60(b)(6) provides "extraordinary relief and may only be invoked upon a showing of exceptional circumstances."); *see also Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983) (a party seeking relief under Rule 60(b)(3) must show not only that "the adverse party engaged in fraud or other misconduct, [but also] that his conduct prevented the moving party from fully and fairly presenting his case."). Critically, "a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F. Supp. 2d 1233, 1235 (D. Kan. 2003); *accord Balter v. United States*, 410 F. App'x 428, 430 (3d Cir. 2010) (finding district court did not abuse its discretion in denying relief under Rule 60(b) where motion "simply rehashed arguments" made in previous motions).

In Harris's present motion, he simply restates the same arguments regarding the OPD's failure to timely-file his PCR applications that he already raised in his November 28, 2017 opposition to Respondents' motion to dismiss his Petition as time-barred. (*See* DE 16-1 at 7 ("Petitioner clearly has a case of excusable neglect because he can prove that he made [a] timely request to appeal the rulings of his PCR proceedings and because of the appeal process time was deducted because of the slow process employed by the OPD which is beyond Petitioner's control and thus making his petition timely."); *id.* at 13 ("It is inconceivable that Petitioner should pay the exacting price of delay due to the structure of the OPD's filing procedures."); *id.* at 14 (indigent petitioners in the State of New Jersey should not be the ultimate factor that determines whether or Petitioner's petition is timely. Petitioner was time barred as a consequence of the OPD's overwhelming case load."); *id.* at 15 ("The calculations presented by [Respondents do] not factor in the true nature of the delays stemming from the occupational hazards of the OPD. The District Court was persuaded by a misrepresentation of the facts."); *id.* at 6-7 ("Petitioner has been

represented by the Public Defender's Office through out all of his entire state court appeals. It is an unfair practice administered by the State to hold the Petitioner responsible for the 'overwhelming' case load of the OPD."); *id.* at 7 ("Petitioner should not pay the price of injustice because the process of receiving assistance when you can not afford to hire an attorney takes a longer time.").)

The Court already gave careful consideration to the foregoing arguments when it dismissed Harris's Petition as time-barred. To reiterate, the Court ultimately found that "the overwhelming caseload and lack of resources of the New Jersey OPD . . . [could represent] an extraordinary circumstance that [could] prevent a prisoner from timely filing a PCR petition [such that equitable tolling might be appropriate]." (DE 11 at 9.) This consideration, in and of itself, however, did not support equitable tolling in Mr. Harris's federal habeas matter because as of April 1, 2016 – *i.e.*, when the New Jersey Supreme Court denied Harris's petition for certification of his PCR appeal – because "Harris still had approximately 136 days to timely file the [Petition] and he [did not present] any information or explanation as to why he could not file within that time period." (*Id.*) The Third Circuit likewise expressly found that equitable tolling was inappropriate because "[Harris failed to demonstrate] reasonable diligence in pursuing his claims or that any extraordinary circumstance 'stood in his way and prevented timely filing' *after* April 1, 2016."[3] (DE 15 (quoting *Holland*, 560 U.S. 649) (emphasis added).)

Ultimately, Mr. Harris cannot obtain relief under Rule 60(b) based on his rehashing of the same arguments that this Court – and the Third Circuit – already concluded were insufficient to support equitable tolling under AEDPA. *See Wood v. Pierce*, Civ. A. No. 11-1115-GMS, 2017

---

[3] Mr. Harris's Rule 60(b) motion, which seeks relief based exclusively on the lack of diligence of the OPD prior to April 1, 2016, fails to in any way speak to his own actions undertaken after that date.

WL 7388491, at *1-2 (D. De. 2017) (denying Rule 60(b) relief to movant who argued "that the [district] court erroneously denied his [§ 2254] petition as time-barred because it should have acknowledged that his second [state court application collaterally attacking his conviction] tolled [AEDPA's] limitations period" where: (1) the Third Circuit previously affirmed dismissal of his petition as untimely, and (2) his Rule 60(b) motion "merely assert[ed] his disagreement with the court's decision to deny his petition, and expand[ed] upon an argument the court already considered and rejected"); *Ceo v. Klem*, Civ. Action No. 07-3177, 2007 WL 2458029, at *1-2 (E.D. Pa. 2007) (denying Rule 60(b) relief where court previously dismissed movant's § 2254 petition as time-barred, the Third Circuit affirmed that dismissal, and "[t]he facts surrounding the procedural history of the case, and necessary for the calculation of the statute of limitations, as presented in Petitioner's [Rule 60(b)] motion [did] not differ materially from those [relied on by the district court in dismissing his petition as untimely]."). Mr. Harris's Rule 60(b) motion is accordingly denied.

## IV. CONCLUSION

For the reasons stated above, Mr. Harris's Rule 60(b) motion is denied. An appropriate Order accompanies this Opinion.

4/1/19                          s/ John Michael Vazquez
Date                             JOHN MICHAEL VAZQUEZ
                                   United States District Judge